## CIRCUIT COURT OF THE CITY OF RICHMOND

Eunice M. Wilder

v.

Lawrence Douglas Wilder

November 1, 1979

Case No. G-3285-2

By JUDGE MARVIN F. COLE

This matter is now before the court on a motion filed by counsel for the plaintiff for an order disqualifying me and all other judges of the Thirteenth Judicial Circuit from hearing this cause on the ground that prejudice in favor of the defendant precludes the plaintiff from obtaining a fair and impartial trial before any of the judges of this circuit. The motion to disqualify the judges of this circuit sets forth two grounds for the disqualification as follows:

(1) The plaintiff objects to the hearing and trial of this cause before me on the grounds that the plaintiff contends that the defendant "forum shopped" in that the defendant insisted that this matter be heard before me and that he would not consent to have the matter scheduled before any other judge. The defendant should not have the benefit of this "forum shopping" and therefore the matter should be heard before some other judge.

(2) The plaintiff further contends that the defendant in this action is a State Senator and represents the City of Richmond in the General Assembly. He has held this position for nine years and is a member of the General Assembly majority caucus. The plaintiff submits that all of the judges of the Thirteenth Judicial Circuit are disqualified to sit as judge in this cause because they have personal loyalties to the defendant as a member of

the Virginia General Assembly and are therefore interested in this action. The plaintiff further argues that the Virginia General Assembly is charged with electing Circuit Court judges, but in practice the selection of judicial candidates is made by the majority caucus representing each circuit. These local caucus choices are afforded a form of senatorial courtesy in that it is legislative custom for the General Assembly to automatically endorse the nomination offered by the local majority caucus. The plaintiff further argues that each judge in the Thirteenth Judicial Circuit is dependent upon the defendant's vote if he is to be re-elected to his judicial position. Therefore, each judge would have a potential interest to maintain in the defendant's good favor in order to retain his seat. The plaintiff prays that this matter be heard by a judge outside of the Thirteenth Circuit.

I shall discuss each of the above points separately and in order named. There is attached to the motion to disqualify judge an affidavit by Marjorie E. Murphy which states that she is employed as a paralegal by Sa'ad El-Amin & Associates. The affidavit states that the defendant thwarted the attempts of the plaintiff to schedule a mutually convenient hearing by his insistence that the hearing occur at the time before the judge of his choosing, which in this case was apparently me.

This allegation obviously does not take into consideration the usual procedure followed in this court in regard to chancery suits. In this case the plaintiff filed her bill of complaint in the clerk's office on April 5, 1979. At the time of the filing on April 5, 1979, a clerk in the clerk's office assigned this case to me since the clerk assigns chancery cases in numerical order and with the next judge whose turn it is to handle such a matter. In other words, three judges handle chancery matters and the cases are assigned in the clerk's office in numerical order as they are filed. The purpose of such assignment in the clerk's office is to prevent "forum shopping" and to prevent anyone from securing a judge of his choice. Once the assignment is made in the clerk's office, thereafter all motions and subsequent proceedings in the matter are handled by the judge to whom it is assigned. It is fairly obvious that when counsel for the plaintiff attempted to schedule a hearing at the time and before the judge of his choosing, he was in fact "forum shopping" and

was, of course, thwarted by his attempt to do this by the clerks in the clerk's office and also by the secretaries in the judges' office since none of them will schedule a hearing with a judge when the case has not been assigned to him. The sole purpose of this procedure is to prevent "forum shopping." The plaintiff contends that the defendant in this case "forum shopped" when in fact the plaintiff was the one that was attempting to "forum shop," but was prevented from doing so by the administrative system which we have set up to take care of such matters. Therefore, there is no merit to the first contention that the defendant has "forum shopped."

In regard to the second point set forth above, counsel for the plaintiff has filed a memorandum in support of the plaintiff's motion to disqualify all of the judges of the Thirteenth Judicial Circuit and has alleged that prejudice in favor of the defendant precludes the plaintiff from obtaining a fair and impartial trial, as is guaranteed to her and all litigants by virtue of the due process clause of the Fourteenth Amendment to the United States Constitution.

As authority for the above proposition the plaintiff sets forth Section 17-7(2) of the Virginia Code and also refers to the ABA Code of Judicial Conduct. These, of course, set forth general statements concerning disqualification of judges for financial or corporate interests but do not address themselves to the precise question involved here. The counsel for the plaintiff in his memorandum has not cited any case in which a judge has disqualified himself because one of the litigants is a member of the General Assembly or legislative body which selects judges in that particular state. I have made an exhaustive research of law myself in regard to this matter and have found no case precisely on point that deals with a member of the state legislature.

However, the general rule is that to work a disqualification of a judge, the interest must be a direct, certain, and immediate interest, and not one which is indirect, contingent, incidental, or remote. It must be a direct pecuniary or direct property interest, or one involving an individual right or privilege in the subject matter of the litigation whereby a liability or pecuniary gain will occur on the event of the suit; and that any certain, definable, pecuniary or proprietary interest or relation

which will be directly affected by the judgment rendered will work a disqualification.

Applying the general rule to the facts in this case, I do not believe there is any direct, certain and immediate interest existing in this matter which would necessitate my disqualification and the disqualification of any other judge in the Thirteenth Judicial Circuit.

It is further my opinion that the "interest" refers to pecuniary interest in the litigation and result thereof itself, and does not mean such an indirect interest as that which might exist between a member of the General Assembly and a judge who might be elected by the General Assembly.

Therefore, it is my opinion that neither I nor any judge in this judicial circuit would be disqualified from handling this particular case. I do not feel that I have any bias for or against Senator Wilder and I do not have any bias or prejudice in favor of or against Mrs. Wilder and I feel that I can give to each of these parties a fair and impartial trial under the law of this State as I perceive it to be.